■ EDWARD M. CHASIN, Appellant, v. JACOB FUCHSBERG et al., Copartners Practicing Law under the Name of FUCHSBERG & FUCHSBERG, Respondents.— Order granting summary judgment dismissing the complaint for failure to state a cause of action, and the judgment entered thereon on April 12, 1966, unanimously affirmed, with $50 costs and disbursements to the respondents. (See *Shapiro* v. *Health Ins. Plan*, 7 N Y 2d 56, 61.) Concur — McNally, J. P., Stevens, Capozzoli and Witmer, JJ.

■ EMPIRE TRUST COMPANY, Appellant, v. ROY M. COHN, Respondent-Appellant.— Order, entered on March 29, 1966, denying summary judgment unanimously modified on the law, with $50 costs and disbursements to the plaintiff-appellant and summary judgment granted to plaintiff. The action is for the balance due on a promissory note. Execution and delivery are admitted. As a part of the transaction defendant delivered three promissory notes executed by one Riker. Two of these notes were discharged when due by arrangement between plaintiff and the maker of the notes. The third note was not paid and is in default. Plaintiff has given credit for the amount of the first two notes and sues for the difference between the face amount of those two notes and the amount of the note in suit. Defendant claims that plaintiff bought the three notes from him and that his note was merely a guarantee of payment for three notes, and further that he is discharged from his liability as a guarantor by virtue of the transactions on the first two notes, as to which arrangements were made amounting to an extension of time, to which he did not consent. Without going into the questions raised by this defense, nor the question of whether it is provable as parol contradicting the terms of an instrument, we find that no issue is raised. It appears that when the transaction took place defendant gave plaintiff a letter in which it is plainly stated that the three Riker notes are collateral for the note in suit. Furthermore it appears that the three Riker notes totalled $173,206.96, while the note in suit was for $175,000. Defendant received the face amount of his own note, less discount. A discount on the Riker notes would produce a substantially different sum. None of these facts is controverted or in any way explained. In view of this the conclusionary contention of the defendant as to the nature of the transaction raises no issue. " The very object of a motion for summary judgment is to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial. The defendant is not aggrieved if we take it at its word." (*Richard* v. *Credit Suisse*, 242 N. Y. 346, 350.) Concur — Breitel, J. P., McNally, Stevens, Steuer and Capozzoli, JJ.